IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mary Stone (Pseudonym), | : | |
| Plaintiff, | : | Case No. 4:23-cv-1138 |
| v. | : | |
| | : | Judge John R. Adams |
| Mahoning County, *et al.* | : | Magistrate Judge Carmen E. Henderson |
| Defendants. | : | **Jury Demand Endorsed Hereon** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Now come Defendants, Mahoning County, William Cappabianca, Kenneth Kountz, and Joseph Hood, by and through counsel, and for their Answer to Plaintiff's Complaint herein state as follows:

1. As to paragraph 1 of Plaintiff's Complaint, Defendants aver that the allegations state legal or other conclusions, without asserting facts, to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. As to paragraph 2 of Plaintiff's Complaint, Defendants admit that, over the past approximately 13 years, Deputy Stone was a reserve deputy and later became a full-time deputy with no history of employment discipline at the Mahoning County Sheriff's Office. Further answering, Defendants admit Deputy Stone experienced the criminal acts to which Rondell Harris pleaded guilty. Defendants deny for want of knowledge any remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. As to paragraph 3 of Plaintiff's Complaint, Defendants aver that the Mahoning County Sheriff's Office strives to provide its deputies a safe place to work and complies with

applicable federal and state law and regulations. Defendants deny the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit, upon information, the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. As to paragraph 5 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Mahoning County is a political subdivision of the State of Ohio, is governed by a Board of Commissioners, in accordance with Ohio law, and has certain powers and responsibilities vested in it under Ohio law.

6. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 7 of Plaintiff's Complaint.

8. As to paragraph 8 of Plaintiff's Complaint, Defendants admit that "Defendant Joseph Hood" was a Captain at the Mahoning County Sheriff's Office in May 2023. Further answering, Defendants aver that the remaining allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny for want of knowledge the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9. As to paragraph 9 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that this case has been removed to the United States District Court for the Northern District of Ohio, Eastern Division, in accordance with 28 U.S.C. §§1331, 1441, and 1446.

10. Defendants deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™
Attorneys at Law
2
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

11. As to paragraph 11 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that this case has been removed to the United States District Court for the Northern District of Ohio, Eastern Division, in accordance with 28 U.S.C. §§1331, 1441, and 1446. Further answering, Defendants deny any remaining allegations contained in paragraph 11 of Plaintiff's Complaint.

12. As to paragraph 12 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that Rondell Harris possessed a conviction regarding gross sexual imposition and was required to registerer as a sex offender. Further answering, Defendants aver that the remaining allegations contained in paragraph 12 of Plaintiff's Complaint are vague, ambiguous, and/or unclear as written, and, on these bases, Defendants deny for want of knowledge the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13. As to paragraph 13 of Plaintiff's Complaint, Defendants admit that Harris was written up the second night of his April-May 2022 incarceration at the Mahoning County Jail and was subsequently issued discipline. Further answering, Defendants aver that the remaining allegations contained in paragraph 13 of Plaintiff's Complaint are vague, ambiguous, and/or unclear as written, and, on these bases, Defendants deny and/or deny for want of knowledge the remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

14. As to paragraph 14 of Plaintiff's Complaint, Defendants admit Harris was placed on suicide watch, but Defendants deny the remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny for want of knowledge the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. As to paragraph 18 of Plaintiff's Complaint, Defendants deny the preceding heading but admit that the image appears to be a copy of part of a letter by Harris "to a female staff member." Further answering, Defendants aver that Plaintiff has not provided a complete copy of the referenced material, in contravention of Fed. R. Civ. P. 10(c), and the remaining allegations are vague, ambiguous, and/or unclear as written. On these bases, Defendants deny and/or deny for want of knowledge the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19. As to paragraph 19 of Plaintiff's Complaint, Defendants aver that the letter speaks for itself.

20. As to paragraph 20 of Plaintiff's Complaint, Defendants aver that Plaintiff has not provided a complete copy of the referenced material, in contravention of Fed. R. Civ. P. 10(c), and Plaintiff added underlining to the image contained in paragraph 20 of Plaintiff's Complaint. Further answering, Defendants aver that the letter speaks for itself.

21. As to paragraph 21 of Plaintiff's Complaint, Defendants aver that Plaintiff added underlining to the image contained in paragraph 21 of Plaintiff's Complaint. Further answering, Defendants aver that the letter speaks for itself.

22. Defendants admit the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 24 of Plaintiff's Complaint.

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

4

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

25. As to paragraph 25 of Plaintiff's Complaint, Defendants aver that Plaintiff added underlining to the image contained in paragraph 25 of Plaintiff's Complaint. Further answering, Defendants aver that the letter speaks for itself.

26. As to paragraph 26 of Plaintiff's Complaint, Defendants aver that the letter speaks for itself.

27. As to paragraph 27 of Plaintiff's Complaint, Defendants aver that the letter speaks for itself.

28. As to paragraph 28 of Plaintiff's Complaint, Defendants aver that the allegations are vague, ambiguous, and/or unclear as written, and, on these bases, Defendants deny for want of knowledge the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. As to paragraph 31 of Plaintiff's Complaint, Defendants aver that Plaintiff added underlining to the image contained in paragraph 31 of Plaintiff's Complaint. Further answering, Defendants aver that the letter speaks for itself.

32. As to paragraph 32 of Plaintiff's Complaint, Defendants aver that Plaintiff added underlining to the image contained in paragraph 32 of Plaintiff's Complaint. Further answering, Defendants aver that the letter speaks for itself.

33. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny and/or deny for want of knowledge the allegations contained in paragraph 34 of Plaintiff's Complaint.

FD AR | FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law
5
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

35. As to paragraph 35 of Plaintiff's Complaint, Defendants admit only that Sergeant Budaker sent an email to jail supervisors on April 12, 2022 and the image contained in paragraph 35 of Plaintiff's Complaint appears to be a copy of the email. Further answering, Defendants aver that the email speaks for itself.

36. Defendants deny for want of knowledge the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny for want of knowledge the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. As to paragraph 41 of Plaintiff's Complaint, Defendants deny the preceding heading. Further answering, Defendants admit only that, on May 5, 2022, Deputy Stone was assigned to the medical unit where Harris was housed. Defendants deny for want of knowledge any remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42. As to paragraph 42 of Plaintiff's Complaint, Defendants admit only that there is a dry-erase board within the medical unit on which inmate information can be written. Defendants deny for want of knowledge the remaining allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny for want of knowledge the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. As to paragraph 44 of Plaintiff's Complaint, Defendants admit only that, on May 5, 2022, Deputy Stone had the sole medical housing post assignment, but Defendants aver that deputies assigned to other posts were available to assist Deputy Stone.

45. Defendants deny for want of knowledge the allegations contained in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny for want of knowledge the allegations contained in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny for want of knowledge the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny for want of knowledge the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. As to paragraph 49 of Plaintiff's Complaint, Defendants admit that Rondell Harris pleaded guilty to rape and other charges. Defendants deny for want of knowledge the remaining allegations contained in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51. As to paragraph 51 of Plaintiff's Complaint, Defendants admit that, among other duties and responsibilities, deputies assigned to work central control monitor surveillance equipment. Defendants expressly deny any insinuation that deputies failed to fulfill their responsibilities and deny for want of knowledge the remaining allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny for want of knowledge the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. As to paragraph 53 of Plaintiff's Complaint, Defendants aver that physical evidence from Harris's person was secured. Defendants deny for want of knowledge the remaining allegations contained in paragraph 53 of Plaintiff's Complaint.

54. As to paragraph 54 of Plaintiff's Complaint, Defendants aver that Harris was criminally prosecuted and pleaded guilty to rape and other charges.

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

7

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

55. As to paragraph 55 of Plaintiff's Complaint, Defendants expressly deny the allegations of "deliberate indifference, recklessness, and negligence by Mahoning County Sheriff's Office personnel." Defendants deny for want of knowledge the remaining allegations contained in paragraph 55 of Plaintiff's Complaint.

56. As to paragraph 56 of Plaintiff's Complaint, Defendants aver that Sheriff Jerry Greene took the event seriously, making reorganization changes to the Corrections Division of the Mahoning County Sheriff's Office and other corrective measures.

57. Defendants deny each and every allegation contained in paragraph 57 of Plaintiff's Complaint not specifically admitted herein as true.

58. As to paragraph 58 of Plaintiff's Complaint, Defendants aver that the allegation states a legal conclusion to which no response is required. To the extent a response is required, Defendants aver that the statute speaks for itself.

59. As to paragraph 59 of Plaintiff's Complaint, Defendants aver that the allegation states a legal conclusion to which no response is required. To the extent a response is required, Defendants aver that the statute speaks for itself.

60. As to paragraph 60 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the statute speaks for itself.

61. As to paragraph 61 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the cited statutes speak for themselves.

62. As to paragraph 62 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63. Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. As to paragraph 64 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny each and every allegation contained in paragraph 66 of Plaintiff's Complaint not specifically admitted herein as true.

67. Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. As to paragraph 68 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. As to paragraph 69 of Plaintiff's Complaint, Defendants expressly deny the allegation that they "engaged in the above-mentioned adverse actions." Further answering, Defendants aver that the remaining allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny for want of knowledge the remaining allegations contained in paragraph 69 of Plaintiff's Complaint.

70. As to paragraph 70 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that non-party Sheriff Greene is "the highest-ranking official in the Mahoning County Sheriff's Office." Further answering, Defendants aver that the County trains and supervises its employees in compliance with all applicable federal and state laws and regulations. Defendants deny the remaining allegations contained in paragraph 70 of Plaintiff's Complaint.

71. As to paragraph 71 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny each and every allegation contained in paragraph 73 of Plaintiff's Complaint not specifically admitted herein as true.

74. Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76. As to paragraph 76 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

77. As to paragraph 77 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 77 of Plaintiff's Complaint.

78. Defendants deny each and every allegation contained in paragraph 78 of Plaintiff's Complaint not specifically admitted herein as true.

79. As to paragraph 79 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants aver that the Fifth and Fourteenth Amendments to the United States Constitution, as well as the cited case, speak for themselves.

80. As to paragraph 80 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny the allegations that Defendants took "affirmative acts that created and increased the risk of violence against Deputy Stone by Rondell Harris."



81. As to paragraph 81 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82. As to paragraph 82 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants expressly deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. As to paragraph 83 of Plaintiff's Complaint, Defendants expressly deny the allegation that they "engaged in the above-mentioned adverse actions." Further answering, Defendants aver that the remaining allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny for want of knowledge the remaining allegations contained in paragraph 83 of Plaintiff's Complaint.

84. As to paragraph 84 of Plaintiffs' Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants admit only that non-party Sheriff Greene is "the highest-ranking official in the Mahoning County Sheriff's Office." Further answering, Defendants aver that the County trains and supervises its employees in compliance with all applicable federal and state laws and regulations. Defendants deny the remaining allegations contained in paragraph 84 of Plaintiff's Complaint

85. As to paragraph 85 of Plaintiff's Complaint, Defendants aver that the allegations state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein as true.

### FIRST DEFENSE

88. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

89. Plaintiff has or may have failed to exhaust all administrative remedies.

### THIRD DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by provisions of Ohio Revised Code Chapter 4123.

### FOURTH DEFENSE

91. The conduct of Plaintiff, in whole or in part, bars Plaintiff's claims for relief.

### FIFTH DEFENSE

92. Plaintiff's Complaint is barred, in whole or in part, by the doctrine of consent in connection with Plaintiff's employment.

### SIXTH DEFENSE

93. Plaintiff's claims are barred because Plaintiff, by virtue of her employment, assumed the risk of the injuries that are claimed.

### SEVENTH DEFENSE

94. Plaintiff is barred from relief due to the extent and degree of her own negligence.

### EIGHTH DEFENSE

95. Plaintiff's claims may be barred, in whole or in part, by a failure to mitigate damages.

### NINTH DEFENSE

96. Plaintiff's claims may be barred by Plaintiff's failure to join any party or parties under Rule 19 and/or 19.1.

### TENTH DEFENSE

97. One or more of Plaintiff's claims may be impacted by applicable statute(s) of limitations.

### ELEVENTH DEFENSE

98. Plaintiff's claims may be barred, in whole or in part, by a lack of capacity and/or standing to seek the relief for which Plaintiff prays, or because this matter as brought is non-justiciable.

### TWELFTH DEFENSE

99. Plaintiff's claims for damages may be barred, in whole or in part, by prior to, subsequent intervening, or superseding acts, omissions, or causes, and/or by the acts or omissions of individuals or entities over whom these Defendants had no control or right of control.

### THIRTEENTH DEFENSE

100. Defendants are entitled to immunity, including statutory, absolute, and qualified immunity, and also immunity from punitive damages.

### FOURTEENTH DEFENSE

101. Plaintiff's claims against Defendants are expressly subject to, barred, or limited by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

### FIFTEENTH DEFENSE

102. Plaintiff's Complaint fails to state facts sufficient to entitle Plaintiff to an award of punitive damages against Defendants.

### SIXTEENTH DEFENSE

103. Plaintiff's claims for punitive damages cannot be sustained because the conduct of Defendants did not show complete indifference to or conscious disregard for Plaintiff's safety.

FD AR FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP™ Attorneys at Law

13

7775 Walton Parkway
Suite 200
New Albany, Ohio 43054

(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

### SEVENTEENTH DEFENSE

104. Plaintiff's claims for punitive damages are expressly barred by the provisions of Ohio's Political Subdivision Tort Immunity Statute, Ohio Revised Code Chapter 2744.

### EIGHTEENTH DEFENSE

105. To the extent Plaintiff seeks punitive damages or exemplary damages against Defendants, an award of those types is contrary to the United States and Ohio Constitutions, as well as federal and state statutes, and is therefore not available to Plaintiff.

### NINETEENTH DEFENSE

106. Defendants are entitled to a setoff of damages and/or limitation of damages pursuant to federal and state statutes.

### TWENTIETH DEFENSE

107. Plaintiff is barred from relief because Defendants acted in good faith.

### TWENTY-FIRST DEFENSE

108. Plaintiff is barred from relief because Defendants acted lawfully at all times.

### TWENTY-SECOND DEFENSE

109. Plaintiff's claims are barred against Defendants because Defendants did not proximately cause any injury to Plaintiff.

### TWENTY-THIRD DEFENSE

110. To the extent Plaintiff seeks injunctive relief, Plaintiff failed to properly move.

### TWENTY-FOURTH DEFENSE

111. Defendants hereby give notice that they intend to rely upon and utilize any other affirmative defenses that might become available or apparent during the course of discovery and hereby reserve the right to amend this Answer to assert such defense or defenses.

**WHEREFORE**, Defendants, Mahoning County, William Cappabianca, Kenneth Kountz, and Joseph Hood, demand that Plaintiff's claims against Defendants be dismissed in their entirety and with prejudice.

Respectfully Submitted,

/s/ Daniel T. Downey
Daniel T. Downey (0063753)
Jennifer M. Meyer (0077853)
Angelica M. Jarmusz (0092249)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Pkwy, Suite 200
New Albany, Ohio 43054
(614) 221-1216 – Telephone
(614) 221-8769 – Fax
ddowney@fisheldowney.com
jmeyer@fisheldowney.com
ajarmusz@fisheldowney.com
*Attorneys for Defendants Mahoning County, William Cappabianca, Kenneth Kountz, and Joseph Hood*

## JURY DEMAND

Defendants, Mahoning County, William Cappabianca, Kenneth Kountz, and Joseph Hood, hereby demand a trial by jury on all issues herein triable.

/s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendants Mahoning County, William Cappabianca, Kenneth Kountz, and Joseph Hood*

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
15
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing *Defendants' Answer to Plaintiff's Complaint* was served this 20th day of June 2023 through the Court's electronic filing system:

/s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendants Mahoning County, William Cappabianca, Kenneth Kountz, and Joseph Hood*

FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
Attorneys at Law
16
7775 Walton Parkway
Suite 200
New Albany, Ohio 43054
(614) 221-1216 PH
(614) 221-8769 FX
www.fisheldowney.com